**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DONALD E. KARAMICHOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-00769-JPG |
| | ) | |
| GERALD DORRIS and | ) | |
| FRANKLIN COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Donald Karamichos, a detainee at Franklin County Jail in Benton, Illinois, filed this action pursuant to 42 U.S.C. § 1983 on July 6, 2021. (Doc. 1). Plaintiff alleges that Officer Gerald Dorris refused to administer his medication. (Doc. 1, pp. 1, 7). The officer also threatened to shoot Plaintiff with a taser when serving him with a warrant. (*Id*.). He fears that the officer will retaliate against him for filing this lawsuit by placing him in the drunk tank. (*Id*.). Plaintiff asks for "help" in the form of a temporary restraining order. (*Id*. at 1). Due to the urgent nature of his request, the Court will immediately take up this matter. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

Based on the allegations, the Court finds it convenient to designate the following counts in the *pro se* Complaint:

**Count 1:** Dorris denied Plaintiff medication in violation of his rights under the Eighth or Fourteenth Amendment.

**Count 2:** Dorris threatened to shoot Plaintiff with a taser in violation of his rights under the Eighth or Fourteenth Amendment.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). To pursue a Section 1983 claim for money damages against a state actor, a plaintiff must name the individual as a defendant in the action and set forth allegations showing that the defendant caused or participated in a deprivation of Plaintiff's constitutional rights. *Id*. Plaintiff has named the Franklin County Jail and Officer Dorris as defendants, but the allegations support no claim against either one.

The Jail is not a person subject to suit under Section 1983, so Plaintiff cannot proceed with any claim against this defendant. It is possible that he named the Jail in order to hold a municipality liable for his injures. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). Even so, his claim against the Jail fails. Municipal liability under Section 1983 arises from the execution of a government policy or custom that causes a constitutional injury. *Id*. Plaintiff points to no policy or custom that resulted in a constitutional violation. The Jail shall therefore be dismissed from the action with prejudice.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The allegations against Officer Dorris articulate no claim against this defendant. As an initial matter, it is unclear whether Counts 1 and 2 are governed by the Eighth Amendment prohibition against cruel and unusual punishment or Fourteenth Amendment Due Process Clause. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), governs Plaintiff's claims, if he was a pretrial detainee. The applicable legal standard depends on Plaintiff's status as a pretrial detainee or convicted prisoner when his claims arose. The Complaint states no claim against the defendant under either standard. *See McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda*, 900 F.3d at 352 (articulating legal standards for excessive force and medical claims brought by pretrial detainees); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006); (articulating standard applicable to failure-to-protect and medical claims brought by convicted prisoner).

With regard to Count 1, Plaintiff has not explained what medical condition gave rise to his claim, what medication he required, how often he needed it, how many times it was denied, or what effect the denial had on his health. Given the lack of information, the Court cannot determine whether Officer Dorris may have responded to a serious medical condition in an objectively unreasonable manner or with deliberate indifference. Count 1 shall therefore be dismissed without prejudice against this defendant.

With regard to Count 2, Plaintiff refers to a single threat made by Officer Dorris to shoot him with a taser. Whether this threat rose to the level of a constitutional violation depends on the facts and circumstances surrounding it. Threats and gestures made by correctional officers may

amount to punishment under the Fourteenth Amendment or cruel and unusual punishment prohibited under the Eighth Amendment, if they include a threat of grave harm to Plaintiff or increase the likelihood that Plaintiff will suffer harm. *See, e.g., Hughes v. Farris*, 809 F.3d 330, 333 (7th Cir. 2015) (citing *Dobbey v. Illinois Dept. of Corrections*, 574 F.3d 443, 445 (7th Cir. 2009)). *See also Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015). Plaintiff does not describe any of the circumstances surrounding the officer's threat, so the Court is unable to analyze this claim. Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." *See* FED. R. CIV. P. 8(a)(2)-(3). Even so, the allegations fall short of this standard. The allegations offered in support of Count 2 are threadbare, and the request for relief (*i.e.*, help) is vague. Count 2 shall therefore be dismissed without prejudice for failure to state a claim for relief.

The Complaint does not survive preliminary review, and it shall be dismissed without prejudice. If Plaintiff would like to pursue his claims any further, he will have an opportunity to do so by filing a First Amended Complaint. A successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Therefore, Plaintiff should clearly identify who violated his constitutional rights by naming them in the case caption and stating how each defendant caused or participated in a constitutional deprivation in the body of the First Amended Complaint.

## Motion for Temporary Restraining Order

Plaintiff's request for "help" in the form of a motion for temporary restraining order ("TRO") is **DENIED**. (Doc. 2). To obtain interim injunctive relief, whether through a TRO or preliminary injunction, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable

harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). If those three factors are shown, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. *Id.* (citations omitted). Plaintiff's threadbare allegations satisfy none of these requirements. He seeks unspecified "help" for anticipated retaliation by Officer Dorris because he fears being placed in the drunk tank for filing this lawsuit. (Doc. 1, p. 1). Plaintiff's fear of retaliation appears to be speculative and is based upon no facts presented in the Complaint. Moreover, it is unclear what "help" he requires because he has not stated what relief he seeks. The motion is denied without prejudice.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim for relief. Defendant **FRANKLIN COUNTY JAIL** is **DISMISSED** with prejudice, and **GERALD DORRIS** is **DISMISSED** without prejudice. The Clerk's Office is **DIRECTED** to **TERMINATE** the Jail as a defendant in CM/ECF.

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **DENIED** without prejudice.

Plaintiff is **GRANTED** leave to file an Amended Complaint on or before **August 6, 2021**. Should Plaintiff fail to file an Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

When preparing his Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "First Amended

Complaint," and list the case number for this action (No. 21-cv-00769-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is reminded that an amended complaint generally supersedes and replaces prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 7/7/2021**　　　　　　　　　　　　　　　s/ *J. Phil Gilbert*
　　　　　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**